```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       JACKSONVILLE DIVISION



DONALD S. FREEDMAN, M.D.,

        Plaintiff,

v.                                    Case No.   3:05-cv-81-J-12HTS

LINCOLN NATIONAL LIFE INSURANCE
COMPANY, a foreign corporation,

        Defendant.
_____
```

**O R D E R**

This cause is before the Court on Defendant's Motion to Compel Discovery (Doc. #34; Motion).  Plaintiff has filed opposition thereto.  Plaintiff's Memorandum of Law in Response to Defendant's Motion to Compel Discovery (Doc. #37; Opposition).

**Interrogatory No. 7**

This interrogatory seeks in part for Plaintiff to "set forth all lawsuits to which [he], or any business entity with whom [he has] been employed, an owner or shareholder, [has] been a party[.]" Exhibit A (Interrogatories), attached to the Notice of Filing Exhibits to Defendant's Motion to Compel Discovery (Doc. #35; Notice), at [externally numbered] 9.  Dr. Freedman raised irrelevance and overbreadth objections, among others, but answered to the extent he stated he "has not been a party to any other lawsuit involving his ability to work or involving a claim for the

recovery of disability or other insurance benefits." Exhibit D (Answers), attached to the Notice, at [externally numbered] 67; *see also* Opposition at 8-9.

Given its remarkable sweep, this interrogatory must be considered overbroad on its face. It goes so far as to demand information about every lawsuit each company in which Plaintiff ever owned stock has been a party to. *See* Opposition at 8. Perhaps recognizing the defect, Defendant appears to argue only that Dr. Freedman should be compelled to provide more information about suits to which he was a party. *See* Motion at 3. Nevertheless, even this portion of the request is excessive in that it is unlimited as to time and subject matter. *See, e.g., Kobelco Metal Powder of Am., Inc. v. The Energy Coop., Inc.*, No. IP 01-0051-C H/K, 2001 WL 1397311, at *4 (S.D. Ind. Oct. 30, 2001) (limiting interrogatory asking for information about "all lawsuits" to suits involving certain types of claims). Plaintiff will not be compelled to respond further.

**Interrogatories 13 through 21**

The disputed portions of these items seek the "complete" details of all facts and the identification of all documents that support nine of Plaintiff's ten affirmative defenses to Defendant's counterclaims. Interrogatories at [externally numbered] 10-12. Plaintiff contends these interrogatories invade attorney work product. Answers at [externally numbered] 70-74.

Queries such as these are "almost universally encountered[.]" Paul D. Breitner, *Work Product and the Attorney's Selection Process*, 79-JAN Fla. B.J. 20, 20 (2005). Further, the Federal Rules of Civil Procedure (Rule(s)) provide that otherwise appropriate interrogatories involving "an opinion or contention that relates to fact or the application of law to fact" are "not necessarily objectionable[.]" Rule 33(c). However, the subject interrogatories raise concerns about overbreadth, *see W. Res., Inc. v. Union Pac. R.R. Co.*, No. 00-2043-CM, 2001 WL 1718130, at *2 (D. Kan. Nov. 26, 2001), and intrusion into protected work product. *See, e.g.*, Breitner, 79-JAN Fla. B.J. 20. These so-called "contention interrogatories" occupy a somewhat disfavored status. The Middle District Discovery handbook weighs in with the following cautionary statement:

> Interrogatories that generally require the responding party to state the basis of particular claims, defenses, or contentions in pleadings or other documents should be used sparingly and, if used, should be designed (1) to target claims, defenses, or contentions that the propounding attorney reasonably suspects may be the proper subject of early dismissal or resolution or (2) to identify and narrow the scope of unclear claims, defenses, and contentions.

Middle District Discovery (2001) at 16.

Only with regard to the affirmative defenses of waiver and estoppel does Defendant make a specific argument to justify its contention interrogatories. It asserts Plaintiff "has failed to identify or explain what actions by Lincoln National purport to

- 3 -

support that any waiver occurred or . . . justif[y] imposition of equitable estoppel." *See* Motion at 4. The allegations contained in the Complaint (Doc. #2) hint at what facts might underlie the defenses, but in the interest of clarity and considering the sparing use to which contention interrogatories should be put, the Court will compel answers to the two interrogatories addressed thereto.[1]

**Request 8 (copies of all diaries, logs, personal journals, or personal calendars from the period beginning one year before disability onset)**[2]

Plaintiff indicates he has "produced the requested materials as they relate to his activities as an obstetrician and gynecologist, or more recently as a gynecologist[.]" Opposition at 16. However, he objects "to the production of documents to the extent they are unrelated to his employment activities, as being irrelevant . . . and not reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Defendant ought not be permitted to peer into every corner of Dr. Freedman's private life. While it is within the realm of possibility that the materials sought contain information bearing upon issues in the case, the request presumably encompasses a host

---

[1] It is recognized Plaintiff states he has already served a supplemental response "specifically identifying the particular witnesses that may have knowledge regarding the referenced affirmative defenses." Opposition at 9 n.3.

[2] *See* Exhibit B (Requests), attached to the Notice, at [externally numbered] 21.

of personal but irrelevant information.  As the request is not naturally divisible into objectionable and unobjectionable items or otherwise easily remediable, the Court will not attempt to redraft it.  Plaintiff will be required to provide no information beyond that already furnished.

**Request 11 (every document "arising out of, relating to, or evidencing your leaving your employment because of your alleged disability")[3]**

This request was objected to as "vague and not subject to reasonable understanding or interpretation as to the nature of the documents or items requested."  Exhibit C, attached to the Notice, at [externally numbered] 35.  Nevertheless Plaintiff agreed to produce "materials [that] relate specifically to issues pending in these proceedings[.]"  *Id.* at 36.

The Court appreciates Plaintiff's difficulties in interpreting the request.  However, in addition to those materials produced or agreed to be produced, Dr. Freedman will be directed to make available to Defendant all documents referencing his cessation of obstetrics practice.

**Requests 12, 14 and 15**

Request 12 relates to business tax returns.  Requests at [externally numbered] 22.  Number 14 covers documents relating to the number of hours worked and the tasks performed by Dr. Freedman.

---

[3] Requests at [externally numbered] 22.

*Id.* at 23. Item 15 requests documents evidencing income, including that earned "through interest, dividend, or investment[.]" *Id.* All three requests pertain to a period beginning two years prior to the alleged disability onset date.

In the Opposition, Plaintiff makes apparent his difficulty concerns the unveiling of information about passively earned income. Opposition at 17-18. Indeed, the relevance of this material is not readily apparent, and Defendant does not adequately explain why it should be discoverable. Thus, the Court will not compel the production of documents dealing solely with passively earned income and will permit Plaintiff to redact from other documentation entries reflecting such income.

**Requests 17 and 26**

These requests seek all loan and creditor documents for the period starting two years prior to the alleged disability onset date. Requests at [externally numbered] 24, 27. Defendant maintains "those loan applications provide express representations by Plaintiff to non-parties as to his then-existing employment and financial income stream from his regular occupation." Motion at 7. While Plaintiff asserts "the requested materials do not provide evidence of Dr. Freedman's income from his occupation," Opposition at 19, the Court will compel the production of any documents covered by the requests that do contain representations regarding

employment or income.  To the extent passive income is indicated, the documents may be redacted.

**Requests 27 and 28**

These requests seek personal and business financial institution documents and credit card account records for the period starting two years before the alleged disability date. Requests at [externally numbered] 27-28.  Defendant contends the records are relevant since they might reveal income.  Motion at 8.

Evidence of income from work activities appears relevant to whether Plaintiff's elimination of the "obstetrics portion of his medical practice . . . caused a significant reduction in his income."  Complaint ¶ 13.  According to Plaintiff, Defendant "does not offer any explanation as to how the requested . . . records relate to [his] 'income leading up to his disability.'"  Opposition at 20.   Still, it is understandable that income from work would appear in bank records.  Further, it is possible representations of income might appear in credit card records.  Therefore, Plaintiff will be compelled to provide any documents covered by these requests that reflect deposits of work-related income or include representations of income so generated.  Information within the materials not related thereto may be excised.

**Request 30**

It is represented "Dr. Freedman has produced all materials responsive to this request. As a result, the objection has been withdrawn." Opposition at 21.

In accordance with the foregoing, the Motion (Doc. #34) is **GRANTED** to the extent Plaintiff shall, within eleven (11) days from the date of this Order, 1) fully answer Interrogatories 14 and 15; 2) provide, in regard to Request 11, the documentation agreed to be produced, and all documents referencing his cessation of obstetrics; 3) produce all documentation covered by Requests 12, 14, and 15, except as indicated herein; 4) furnish Defendant any documents covered by Requests 17 and 26 that contain representations about employment or income, except as indicated herein; and 5) provide all documents sought by Requests 27 and 28 that reflect deposits of work-related income or include representations of income so generated, redacted as appropriate to remove unrelated information. Otherwise, the Motion is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 31st day of October, 2005.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record and
    *pro se* parties, if any