```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      JACKSONVILLE DIVISION
```

DONALD S. FREEDMAN, M.D.,

    Plaintiff,

v.                                  Case No.  3:05-cv-81-J-12HTS

LINCOLN NATIONAL LIFE INSURANCE
COMPANY, a foreign corporation,

    Defendant.
_____

**O R D E R**

This cause is before the Court on Defendant's Motion for Reconsideration by Magistrate of March 23, 2006, Order (Doc. #102; Motion), filed on April 11, 2006.

On March 23, 2006, the Court granted in part and denied in part Defendant's Motion for Protective Order (Doc. #73; Defendant's Motion). Order (Doc. #93; Order) at 15-16. Defendant now seeks "reconsideration of that part of [the Order] raising the question of whether [Lincoln National Life Insurance Company (Lincoln National)] has standing to raise objections to the noticed depositions of certain employees of a non-party, MetLife Insurance Company [(MetLife).]" Motion at 1 (footnote omitted).

The standard of review for a motion for reconsideration has been articulated as follows:

> Motions for reconsideration are only granted upon presentation of "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993). The need to correct clear error or manifest injustice are grounds justifying reconsideration. *Id.*

*Randles v. Hester*, No. 98-CV-1214, 2001 WL 1736881, at *1 (M.D. Fla. Aug. 10, 2001); *see also Hammond v. City of Junction City, Kan.*, 168 F. Supp. 2d 1241, 1244 (D. Kan. 2001) ("[C]ourts have recognized three major grounds for granting reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.").

In the Order, the Court noted the general rule that "'a party may not move for a protective order to protect the interests of another[.]'" *Id.* at 13 (quoting *Am. Rock Salt Co. v. Norfolk S. Corp.*, 228 F.R.D. 426, 466 (W.D.N.Y. 2004)). Since Defendant "failed to articulate, in relation to the two proposed third-party depositions, how its own interests would be impacted such that a protective order is necessary[,]" *id.* at 14, its motion was denied in that respect.

Defendant now asserts "MetLife is the real party in interest in this action, despite Lincoln National . . . being the named defendant." Motion at 2. Whatever the merit of this claim, which

- 2 -

was not set forth in Defendant's Motion, Lincoln National has provided no authority demonstrating why it would require reconsideration of the Order. So long as MetLife and Lincoln National are distinct entities (and even at this point there appears no contention to the contrary), it is appropriate to suppose concerns about MetLife being harassed or burdened would best be raised by that company. The Court's resolution of Defendant's Motion in no way prevents MetLife from advancing such arguments, if necessary. Indeed, Defendant notes that if the MetLife employees "are served with a subpoena . . . MetLife could seek relief as a non-party in the form of a motion to quash[.]" Motion at 3 n.2.

No persuasive basis for reconsideration having been demonstrated, the Motion (Doc. #102) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 4th day of May, 2006.

/s/        Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE


Copies to:

Counsel of Record and
    *pro se* parties, if any